IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRANS RAIL AMERICA, INC.<br>6251 CHESTNUT RIDGE ROAD<br>HUBBARD, OHIO 44425<br><br>AND<br><br>SIENNA PLACE, INC.<br>6251 CHESTNUT RIDGE ROAD<br>HUBBARD, OHIO 44425<br><br>    Plaintiff,<br><br>    -vs.-<br><br>HUBBARD TOWNSHIP<br>260 ELMWOOD DRIVE EXT., SE<br>HUBBARD, OHIO 44425-9700<br><br>AND<br><br>HUBBARD TOWNSHIP<br>BOARD OF TRUSTEES<br>260 ELMWOOD DRIVE EXT., SE<br>HUBBARD, OHIO 44425-9700<br><br>AND<br><br>FREDERICK HANLEY<br>HUBBARD TOWNSHIP BOARD<br>OF TRUSTEES<br>7310 HUBBARD-BEDFORD ROAD<br>HUBBARD, OHIO 44425<br><br>AND<br><br>JONATHAN DOWELL, FORMER<br>HUBBARD TOWNSHIP BOARD OF | CASE NO.:_____<br><br>JUDGE _____<br><br><br><br><br><br><br><br><br><br>COMPLAINT<br><br>JURY DEMAND ORDERED<br>HERON |

1

| | |
|---|---|
| TRUSTEE<br>2465 BELL-WICK ROAD S<br>HUBBARD, OHIO 44425 | )<br>)<br>)<br>) |
| AND | )<br>) |
| JOSEPH GLEYDURA<br>HUBBARD TOWNSHIP BOARD OF<br> TRUSTEES<br>3626 LIBERTY AVENUE SE<br>HUBBARD, OHIO 44425 | )<br>)<br>)<br>)<br>)<br>) |
| AND | )<br>) |
| HUBBARD TOWNSHIP PLANNING<br>AND ZONING COMMISSION<br>260 ELMWOOD DRIVE EXT., SE<br>HUBBARD, OHIO 44425-9700 | )<br>)<br>)<br>)<br>) |
| AND | )<br>) |
| JOHN PIETON<br>HUBBARD TOWNSHIP PLANNING<br>AND ZONING COMMISSION<br>6865 NEW YORK LANE SE<br>HUBBARD, OHIO 44425 | )<br>)<br>)<br>)<br>)<br>) |
| AND | )<br>) |
| SUSAN SICILIANO<br>HUBBARD TOWNSHIP PLANNING<br>AND ZONING COMMISSION<br>6287 YOUNGSTOWN-HUBBARD<br>ROAD SE<br>HUBBARD, OHIO 44425 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| AND | )<br>) |
| HUBBARD TOWNSHIP<br>BOARD OF ZONING APPEALS<br>260 ELMWOOD DRIVE EXT., SE<br>HUBBARD, OHIO 44425-9700 | )<br>)<br>)<br>)<br>) |
| AND | )<br>)<br>) |
| JEFFREY ROWLANDS, | ) |

2

| | |
|---|---|
| HUBBARD TOWNSHIP BOARD OF ZONING APPEALS<br>2552 BELL-WICK ROAD SE<br>HUBBARD, OHIO 44425 | )<br>)<br>)<br>) |
| AND | ) |
| DENNIE PARSONS<br>HUBBARD TOWNSHIP BOARD OF ZONING APPEALS<br>260 ELMWOOD DRIVE EXT., SE<br>HUBBARD, OHIO 44425-9700 | )<br>)<br>)<br>)<br>) |
| AND | ) |
| HEATHER O'HARA<br>HUBBARD TOWNSHIP BOARD OF ZONING APPEALS<br>260 ELMWOOD DRIVE EXT., SE<br>HUBBARD, OHIO 44425-9700 | )<br>)<br>)<br>)<br>) |
| AND | ) |
| MARIA CAPEZZUTO<br>HUBBARD TOWNSHIP BOARD OF ZONING APPEALS<br>260 ELMWOOD DRIVE EXT., SE<br>HUBBARD, OHIO 44425-9700 | )<br>)<br>)<br>)<br>) |
| AND | ) |
| BENJAMIN M. HAYEK, M.D., FORMER HUBBARD TOWNSHIP BOARD OF ZONING APPEALS<br>1005 BELMONT AVENUE<br>YOUNGSTOWN, OHIO 44504 | )<br>)<br>)<br>)<br>) |
| AND | ) |
| TRUMBULL COUNTY PLANNING COMMISSION<br>347 NORTH PARK AVENUE<br>WARREN, OHIO 44481 | )<br>)<br>)<br>) |
| AND | ) |

3

| | |
|---|---|
| HUBBARD ENVIRONMENT & <br> LAND PRESERVATION (H.E.L.P.) <br> 710 EAST LIBERTY STREET <br> HUBBARD, OHIO 44425 <br><br> AND <br><br> DAVE WITTENAUER <br> H.E.L.P. <br> 710 EAST LIBERTY STREET <br> HUBBARD, OHIO 44425 <br><br> AND <br><br> RICK HERNANDEZ <br> H.E.L.P. <br> 2646 FOX NORTH ROAD SE <br> HUBBARD, OHIO 44425 <br><br> AND <br><br> JONI DOBRAN <br> H.E.L.P. <br> 2449 DRUMMOND AVENUE SE <br> HUBBARD, OHIO 44425 <br><br> AND <br><br> TIM RYAN, <br> U.S. CONGRESSMAN FOR OHIO'S <br> 17TH DISTRICT, UNITED STATES <br> HOUSE OF REPRESENTATIVES, <br> 241 FEDERAL PLAZA WEST <br> YOUNGSTOWN, OHIO 44503 <br><br> AND <br><br> CAPRI S. CAFARO <br> OHIO STATE SENATE <br> SENATE BUILDING <br> ROOM #128, FIRST FLOOR | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

| | |
|---|---|
| COLUMBUS, OHIO 43215 | ) |
| | ) |
| AND | ) |
| | ) |
| | |
| MARC DANN | ) |
| FORMER ATTORNEY GENERAL | ) |
| OF OHIO AND FORMER MEMBER | ) |
| OHIO STATE SENATE | ) |
| 637 NORTHLAWN DR. | ) |
| YOUNGSTOWN, OH 44505-1553 | ) |
| | ) |
| AND | ) |
| | ) |
| SUSAN WATKINS | ) |
| OHIO ENVIRONMENTAL PROTECTION | ) |
| AGENCY | ) |
| 50 WEST TOWN STREET, SUITE 700 | ) |
| COLUMBUS, OHIO 43215 | ) |
| | ) |
| AND | ) |
| | ) |
| MEGAN CARR | ) |
| OHIO ENVIRONMENTAL PROTECTION | ) |
| AGENCY | ) |
| 50 WEST TOWN STREET, SUITE 700 | ) |
| COLUMBUS, OHIO 43215 | ) |
| | ) |
| AND | ) |
| BENNETT AND WILLIAMS, | ) |
| ENVIRONMNETAL CONSULTANTS, | ) |
| INC. | ) |
| 2700 EAST DUBLM-GRANVILLE ROAD, | ) |
| STE 400 | ) |
| COLUMBUS, OHIO 43231-4054 | ) |
| DEFENDANTS. | ) |

Now comes the Plaintiff, and for its Complaint states and alleges:

## PARTIES

1. The Plaintiff, TransRail America Inc., (TRA) is a corporation organized under the laws of Maryland, authorized to do business in the State of Ohio, and doing business, inter alia in Hubbard Township, Trumbull County, Ohio. The Plaintiff, Sienna Place, Inc., (Sienna) is an Ohio Corporation and doing business, inter alia in Hubbard Township, Trumbull County, Ohio.

2. The Defendant, Hubbard Township, is a township organized under the laws of the State of Ohio and located in Trumbull County, Ohio.

3. The Defendant, Hubbard Township Board of Trustees, serves as the executive body for the Defendant, Hubbard Township, under the laws of the State of Ohio and is located in Trumbull County, Ohio.

4. The Defendant, Frederick Hanley, was at all times relevant the Chairman of the Defendant, Hubbard Township Board of Trustees, under the laws of the State of Ohio.

5. The Defendant, Jonathan Dowell, was at all times relevant a member of the Defendant, Hubbard Township Board of Trustees, under the laws of the State of Ohio.

6. The Defendant, Joseph Gleydura, was at all times relevant a member of the Defendant, Hubbard Township Board of Trustees, under the laws of the State of Ohio.

7. The Defendant, John Pieton, was at all times relevant Zoning Administrator for the Defendant, Hubbard Township, under the laws of the State of Ohio.

8. The Defendant Susan Siciliano was at all times relevant Zoning Inspector for the Defendant, Hubbard Township, under the laws of the State of Ohio.

9. The Defendant, Hubbard Township Board of Zoning Appeals, was at all times relevant the appeal board for zoning matters occurring within the jurisdiction of the Defendant, Hubbard Township, under the laws of the State of Ohio.

10. The Defendant Jeffery Rowlands, was at all times relevant Chairman of the Defendant, Hubbard Township Board of Zoning Appeals, under the laws of the State of Ohio.

11. The Defendant, Dennie. Parsons, was at all times relevant Vice-Chairman of the Defendant, Hubbard Township Board of Zoning Appeals, under the laws of the State of Ohio.

12. The Defendant, Heather. O'Hara, was at all times relevant a member of the Defendant, Hubbard Township Board of Zoning Appeals, under the laws of the State of Ohio.

13. The Defendant, Maria Capezzuto, was at all times relevant a member of the Defendant, Hubbard Township Board of Zoning Appeals, under the laws of the State of Ohio.

14. The Defendant, Benjamin M. Hayek, MD., was at all times relevant a member of the Defendant, Hubbard Township Board of Zoning Appeals, under the laws of the State of Ohio.

15. The Defendant, Trumbull County Planning Commission, is the governmental body responsible for, *inter alia*, planning decisions and related matters in Trumbull County, Ohio under the laws of the State of Ohio.

16. The Defendant, Hubbard Environment & Land Preservation (H.E.L.P.), is a non-profit organization, organized under the laws of the State of Ohio, located in Hubbard Township, Ohio, whose stated purpose is to disrupt and interfere with the business of Plaintiff.

17. The Defendant, Dave Wittenauer, is an individual residing in Trumbull County, Ohio and was at all times relevant a member and organizer of the Defendant, Hubbard Environment & Land Preservation (H.E.L.P.), under the laws of the State of Ohio.

18. The Defendant, Rick Hernandez, is an individual residing in Trumbull County, Ohio and was at all times relevant a member and organizer of the Defendant, Hubbard Environment & Land Preservation (H.E.L.P.), under the laws of the State of Ohio.

19. The Defendant, Joni Dobran, is an individual residing in Trumbull County, Ohio and was at all times relevant a member and organizer of the Defendant, Hubbard Environment & Land Preservation (H.E.L.P.), under the laws of the State of Ohio.

20. The Defendant, Tim Ryan, is the U.S. Congressman For Ohio's 17th District, United States House Of Representatives.

21. The Defendant, Capri Cafaro, is a member of the Ohio Senate and a resident of Trumbull County, Ohio.

22. The Defendant, Marc Dann, was at all times relevant a member of the Ohio Senate, Attorney General for the State of Ohio and a resident of Trumbull County, Ohio .

23. The Defendants, Susan Watkins and Megan Carr, were, at all times relevant agents of the Ohio Environmental Protection Agency and residents of Trumbull County, Ohio .

24. The Defendant, Bennett and Williams Environmental Consultant, Inc. is a corporation authorized to do business in the State of Ohio.

## JURISDICTION/VENUE

25. Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 as this is a civil action arising under the laws and Constitution of the United States. This action involves, *inter alia*, a violation of federal law pursuant to 42 U.S.C. Section 1983.

26. The claims stated in this complaint arise in Trumbull County, Ohio.

## FACTUAL BACKGROUND

27. During all times relevant, Plaintiffs have pursued various business endeavors in Trumbull County, Ohio, and within the Township of Hubbard.

28. At all times relevant, and continuing to the present date, the Defendants, and each of them, acting in concert with one another, individually and as

agents of the various governmental agencies and bodies listed, acting under color of law, knowingly, intentionally, maliciously, and willfully pursued policies and actions specifically designed to hamper, impede, and effectively eliminate the ability of the Plaintiffs to operate their businesses by committing acts which include, but are not limited to, the following described acts.

29. The Defendants, and each of them acting in concert with one another, individually and as agents of the various governmental agencies and bodies listed, acting under color of law, enforced zoning, enviromental, planning, criminal and various other code sections and regulations in a fashion which was inconsistent with the applicable laws, not based upon any reasonable interpretation of applicable laws, arbitrary, capricious and which was based upon the intent of the Defendants, and each of them, individually and as agents the various governmental bodies listed, as well as other governmental bodies, to inhibit or punish the exercise of the Plaintiffs' constitutional rights and with specific intent to injure the Plaintiffs and Plaintiffs' property.

30. The Defendants, and each of them acting in concert with one another, individually and as agents of the various governmental agencies and bodies listed, acting under color of law, failed and refused to issue zoning and other permits to TRA, which were required to operate Plaintiffs' businesses, and did so in such a fashion which was both unlawful and so as to selectively treat the TRA differently from others similarly situated

and bad faith intent to injure said Plaintiffs., based upon considerations by the Defendants, and each of them acting in concert with one another, individually and as agents of the various governmental agencies and bodies listed, acting under color of law, to inhibit or punish the exercise of said Plaintiffs' constitutional rights and based upon a malicious intent to harm Plaintiffs, their businesses and property.

31. The Defendants, and each of them acting in concert with one another, individually and as agents of the various governmental agencies and bodies listed , acting under color of law, have threatened other persons that said persons would experience personal bodily harm and unlawful selective enforcement of the law unless said persons totally disassociate themselves with the Plaintiff in their business endeavors.

32. The Defendants, and each of them acting in concert with one another, individually and as agents of the various governmental agencies and bodies listed, acting under color of law, have conspired to and have in fact failed and refused to both enforce the constitutional rights of the Plaintiffs, in circumstances where the Defendants are responsible under applicable law to do so, including but not limited to instances of failing to perform acts described above and protect the Plaintiffs and their property and agents from threats of physical harm and, in the case of Plaintiffs' property actual harm, both physical and otherwise.

33. The Defendants, and each of them acting in concert with one another, individually and as agents of the various governmental agencies and

bodies listed, acting under color of law, have both knowingly and maliciously provided inaccurate, incomplete and/or fraudulent information to and, in certain instances, unlawfully contacted various governmental bodies, including but not limited to governmental bodies before which TRA was involved in administrative and/or judicial proceedings in order to impact upon the ultimate decision by or decision making process of said governmental bodies all in furtherance of the conspiracy by and based upon considerations by the Defendants, and each of them acting in concert with one another, individually and as agents of the various governmental agencies and bodies listed, to inhibit or punish the exercise of said Plaintiffs' constitutional rights and based upon a malicious intent to harm Plaintiffs, their businesses and property.

34. The Defendants, and each of them acting in concert with one another, individually and as agents of the various governmental agencies and bodies listed, acting under color of law, have either themselves or through their agents have caused physical harm to the property of Plaintiffs and property in the possession of the Plaintiffs for which they were legally responsible all in furtherance of the conspiracy by and based upon considerations by the Defendants, and each of them acting in concert with one another, individually and as agents of the various governmental agencies and bodies listed, to inhibit or punish the exercise of said Plaintiffs' constitutional rights and based upon a malicious intent to harm Plaintiffs, their businesses and property.

35. The conduct of the private party Defendants named herein, and each of them acting in concert with one another, individually and as agents of the various governmental agencies and bodies listed, acting under color of law: (a) provides a sufficient nexus between said conduct and state action so as to be actionable in this matter; (b) results from a symbiotic relationship between each private party Defendant and one or more state actors; and (c) constitutes each of the private party Defendants assuming a traditionally public function or functions, all in furtherance of the conspiracy by and based upon considerations by the Defendants, and each of them acting in concert with one another, individually and as agents of the various governmental agencies and bodies listed, to inhibit or punish the exercise of said Plaintiffs' constitutional rights and based upon a malicious intent to harm Plaintiffs, their businesses and property.

## COUNT I: 42 U.S.C. 1983

36. The allegations contained in Paragraphs 1 through 35 are hereby incorporated herein as if fully rewritten.

37. The above-described actions of the Defendants, and each of them, were taken under color of state law.

38. As all times relevant, Plaintiffs were entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

39. All of the above-described acts of the the Defendants, and each of them acting in concert with one another, individually and as agents of the various governmental agencies and bodies listed , resulted in the Plaintiffs, compared with others similarly situated, being selectively treated and such selective treatment was based upon impermissible considerations by the Defendants, and each of them, including an intent to inhibit or punish the exercise of Plaintiffs' constitutional rights and with a malicious and bad faith intent to injure Plaintiffs.

40. The above-described actions of the Defendants, and each of them acting in concert with one another, individually and as agents of the various governmental agencies and bodies listed constitute an abuse of government power that shocks the conscious and action that is legally irrational in that it is not sufficiently keyed to any legitimate state interests.

41. In the manner aforementioned, the Defendants, and each of them acting in concert with one another, individually and as agents of the various governmental agencies and bodies listed knowingly and purposely deprived Plaintiffs of their clearly established rights, privileges, and immunities as secured by the Constitution and the laws of the United States in violation of 42 U.S.C. 1983. These clearly established rights included, but were not limited to, those afforded under Article I, Section 10 of the Constitution of the United States and the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

42. As a direct and proximate result of the previously described actions of the Defendants, and each of them acting in concert with one another, individually and as agents of the various governmental agencies and bodies listed, acting under color of law, Plaintiffs have suffered damages in the following sums; Plaintiff, Trans Rail America, Inc., $16,500,000.00 and Plaintiff, Sienna Place, Inc., $75,000.00.

43. Further, Plaintiffs have incurred significant attorney fees and will continue to incur damages and attorney fees in the future.

WHEREFORE the Plaintiffs demand judgment as follows:

A. The Plaintiffs demand judgment for compensatory damages against the Defendants, and each of them jointly and severally, in the following amounts; Plaintiff, Trans Rail America, Inc., $16,500,000.00 and Plaintiff, Sienna Place, Inc., $75,000.00.

B. The Plaintiffs demand an award of punitive damages against all Defendants, and each of them, jointly and severally, in the following amounts: Plaintiff, Trans Rail America, Inc., $50,000,000.00 and Plaintiff, Sienna Place, Inc., $1,000,000.00.

C. The Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally for counsel fees to be established at the trial of this matter;

D. The Plaintiffs demand such other relief as this Court may deem just and equitable.

Respectfully Submitted,

/s/ Michael A. Partlow
Michael A. Partlow (0037102)
Morganstern, MacAdams & DeVito Co., LPA
623 West St. Clair Avenue
Cleveland, Ohio 44113-1300
(216) 621-4244

*Attorney for Plaintiff*

## JURY DEMAND

The Plaintiff respectfully demands that all issues herein be scheduled for trial by jury.

Respectfully submitted,

/s/ Michael A. Partlow
Michael A. Partlow (0037102)
Morganstern, MacAdams & DeVito Co., LPA
623 West St. Clair Avenue
Cleveland, Ohio 44113-1300
(216) 621-4244

*Attorney for Plaintiff*