IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Trans Rail America, Inc., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Case No. 4:08-CV-02790-JRA |
| vs. | : | |
| | : | Judge John R. Adams |
| Hubbard Township, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT BENNETT & WILLIAMS' MOTION TO DISMISS THE AMENDED COMPLAINT, AND/OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS**

Now comes Defendant Bennett & Williams Environmental Consultants, Inc. ("Bennett & Williams") by and though counsel of record and pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c) and this Court's Order dated February 24th 2009, respectfully moves to dismiss Plaintiffs' Amended Complaint and all counts and allegations contained therein relating to Bennett & Williams for failure to state a claim upon which relief can be granted and/or, in the alternative, for judgment on the pleadings.

A Memorandum in Support of Defendant's Motion is attached for the Court's consideration.

Respectfully submitted,

 /s/ Charles R. Dyas, Jr.
Larry J. McClatchey   (0012191)
Charles R. Dyas, Jr.   (0034369)
KEGLER, BROWN, HILL & RITTER CO., LPA
65 East State Street, Suite 1800
Columbus, Ohio 43215
Tel: 614/462-5400/Fax: 614/464-2634
lmcclatchey@keglerbrown.com
cdyas@keglerbrown.com
Attorneys for  Bennett & Williams
Environmental Consultants, Inc.

**MEMORANDUM IN SUPPORT**

I.      **INTRODUCTION**

Based on the dialogue between the Court and the parties during the February 23, 2009 Case Management Conference ("CMC"), on February 24, 2009, this Court issued an Order requiring counsel for Plaintiffs to serve and file on or before March 9, 2009 an Amended Complaint that sets out each claim in a separate count. The Court specifically held that "the amended complaint should set out the facts that support each claim with a description of the 'who, what, when, where and how' of the events at issue; no succeeding counts shall incorporate prior counts by reference; and, no count shall incorporate prior factual allegations by reference."

The Order further states that Defendants shall plead or move in response to the amended complaint on or before March 19, 2009.  And, before a Defendant may file a motion to dismiss the amended complaint, or for judgment on the pleadings, they must submit a written request to be dismissed to the Plaintiffs.  Plaintiffs shall either agree to the request for dismissal or shall give explicit reasons in writing for refusing to do so. Upon such refusal, the Defendants shall reassess its position and may file a motion to dismiss or for judgment on the pleadings if it believes it is still entitled to dismissal.

In response to the Court's February 24, 2009 Order, Plaintiffs filed an Amended Complaint on March 10, 2009 which, as is more fully discussed below, is essentially identical to Plaintiffs' original complaint. By correspondence dated March 10, 2009, Defendant Bennett & Williams, through counsel, requested that it be dismissed from the Amended Complaint, see attached Exhibit A.  As reflected by attached Exhibit B Plaintiffs' counsel responded by correspondence on March 13, essentially agreeing to a

dismissal without prejudice. Without providing any evidence against Bennett & Williams in support of the Plaintiffs' §1983 claim, Plaintiffs' counsel attempts to justify the offer because of the pending matter before the Ohio Supreme Court and the potential for this matter to be sent back before the Ohio Environmental Review Appeals Commission ("ERAC") where Bennett & Williams may be a potential witness. Counsel for Bennett & Williams has attempted to contact Plaintiffs' counsel without success. Since Plaintiffs failed to provide any substantive basis for continuing to assert claims against Bennett & Williams under 42 U.S.C. §1983 but only offered what can be construed as a temporary dismissal until such time that Plaintiffs' renew their claims against Bennett & Williams at a future date Bennett & Williams is entitled to a dismissal with prejudice.

Therefore, Defendant Bennett & Williams now comes before this Court and respectfully moves for dismissal of Plaintiffs' Amended Complaint for Failure to State a Claim for Relief and/or, in the Alternative, for Judgment on the Pleadings. Bennett & Williams further reserves the right to respectfully move this Court to impose the appropriate and necessary sanctions including awarding to Bennett & Williams all cost, expenses and fees incurred in defending this matter.

## II. LAW AND ARGUMENT

### A. Bennett & Williams' Motion to Dismiss and/or, In The Alternative, for Judgment on the Pleadings Should be Granted.

#### 1. Standard for Granting a Motion Brought Pursuant to Fed.R.Civ.P. 12(b)(6) and 12(c).

Both a Motion to Dismiss for Failure to State a Claim and a Motion for Judgment on the Pleadings are governed by the same legal standard. *Almendares v. Palmer*, 284 F.Supp.2d 799, 802 (N.D. Ohio 2003). Thus, with either motion the court must test the sufficiency of the complaint and determine whether accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff. The complaint fails to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted). Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). Further, a plaintiff's obligation to provide the grounds for his right to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp*, 550 U.S. 544, 127 S.Ct. 1955 at 1964-65 (citations omitted). As is discussed below, Plaintiffs have utterly failed to meet their obligation of setting forth their grounds for relief and as such, Bennett & Williams' Motion to Dismiss, or in the Alternative, For Judgment on the Pleadings, must be granted.

### 2. Plaintiffs Have Wholly Failed to Sufficiently Allege a "Conspiracy" Against Defendant Bennett & Williams.

As stated previously, in response to the Court's February 24, 2009 Order, Plaintiffs filed an Amended Complaint on March 10, 2009.  Plaintiffs' Amended Complaint is essentially identical to the original complaint, pleading claims alleging violations of federal law pursuant to 42 U.S.C. §1983.  Plaintiffs merely revised the factual background set forth in the Amended Complaint in paragraphs 28, 29, 30, 31, 32 and 33 by specifically identifying the name of each Defendant within the paragraph instead of using the general term "Defendants."  Although Plaintiffs attempt to allege a set of facts that would constitute violations of 42 U.S.C. §1983 by each of the designated Defendants as set forth in the aforementioned paragraphs, the attempt utterly failed.  Plaintiffs did not make any revisions to the only count in the Amended Complaint; Count I: 42 U.S.C. §1983.  Instead, Plaintiffs merely revised the demand for judgment by reducing the claims for compensatory and punitive damages.

Despite Plaintiffs' renewed effort to state a claim upon which relief may be granted, the only factual allegations set forth in Plaintiffs' Amended Complaint that relates to Bennett & Williams is set forth in Paragraph 30 which states as follows:

> "The Defendants Hubbard Environment & Land Preservation (H.E.L.P.), Dave Wittenauer, Rick Hernandez, Joni Dobran, **Bennett & Williams, Inc.,** and each of them acting in concert with one another, individually and in concert with the Trumbull County Health Commissioner did conspire to prevent Plaintiffs from pursuing a construction and demolition debris landfill business on TRA's premises and took steps in furtherance of said conspiracy, including but not limited to, communicating with the Trumbull County Health Commissioner on an ex parte basis concerning a pending application by Plaintiffs, including provision of privately funded technological reviews and data which were not made available to TRA until after the fact."

It is clearly evident from this factual allegation that Plaintiffs' Amended Complaint not only fails to comply with the Court's Order but is devoid of any substantive basis to support a claim under 42 U.S.C. §1983

**B.     Basis for a §1983 Claim:**

There are two essential elements to a § 1983 action. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). First, the plaintiff must show "that the conduct complained of was committed by a person acting under color of state law". *Id*. Second, the plaintiff must show that this conduct deprived him "of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id*.

**1.     Person Acting Under Color of State Law**

In order to be subject to suit under 42 U.S.C. §1983, "a defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1996) (citing *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744).  Courts utilize three tests to determine whether a private actor's conduct is fairly attributable to the state: (1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship/nexus test.  *Id.* at 232 (citing *Wolotsky v. Huhn*, 960 F.2d. 1331 (6th Cir. 1992).  To meet the public function test, the private actor must exercise powers that are traditionally exclusively reserved to the state.  *Id*.  To meet the state compulsion test, the state must exercise "'such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state.'"  *Id*.  To meet the symbiotic relationship/nexus test, the action of the private actor will be deemed to constitute state action "'when there is a sufficiently close nexus

between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself.'" *Id*.

Bennett & Williams only role in this matter was to provide expert technical advice to both HELP and the Trumbull County Health Department during the course of Plaintiffs' attempts to obtain a construction and demolition debris landfill license[1]. Bennett & Williams is an environmental consulting and engineering firm that provides expert technical services to public and private entities. At no time during those proceedings was Bennett & Williams acting in the role of the governmental authority responsible for regulating the issuance of the Plaintiffs' application for a construction and demolition debris license and therefore was not acting under the "color of law"[2].

---

[1] "The Commission believes it is appropriate for the Health Department to seek outside review of technical matters and to rely on such an assessment conducted by an independent environmental consulting firm with extensive experience relative to C&DD facilities, e.g., Bennett & Williams."
March 8, 2007 Ruling on Motion to Dismiss and Final Order in Case No ERAC 785917.

[2] "In mid-January, 2006, the Health Department contracted with Bennett & Williams Environmental Consultants, Inc. ("Bennett & Williams") to provide a technical review of Trans Rail's revised application, received on December 16, 2005. In a January 27, 2006 letter, from Linda Aller, Executive Vice President of Bennett & Williams, to Dr. Enyeart she described her firm's experience relative to C&DD facilities, as follows:
> We have had extensive experience in assisting Health Departments in reviewing Construction and Demolition Debris Applications, reviewing permitting and groundwater monitoring information and in conducting training programs relating to construction and demolition landfills. We have reviewed the information on existing sites as well as proposed facilities. We have looked at approximately 15 different construction and demolition debris landfills under the statewide rules since they were promulgated by Ohio EPA. Our primary role has been to assist local health departments on these sites. In addition, we are familiar with the history of the recently-adopted legislation on construction and demolition debris landfills and have offered testimony in support of sound technical additions and funding for local health departments to perform this program. We have been involved in special 'interested party' meetings designed to work on recently passed legislation on construction and demolition debris landfills (HB 397). We are familiar with the geology and hydrogeology of Trumbull County and have reviewed two application s for new construction and demolition debris sties specifically in Trumbull County. We have also provided litigative support for some sites and can perform these services, if necessary. (Case File Item R, attachment A5.)

Pursuant to this contract, Ms. Aller and Mr. Michael D. Robison, also of Bennett & Williams, provided written technical comments in a report on Trans Rails' revised application to the Health Department on February 15, 2006. "
March 8, 2007 Ruling on Motion to Dismiss and Final Order in Case No ERAC 785917.

#4825-2384-0771 v2                                             7

### 2.. Deprivation of Rights, Privileges or Immunities

The second element of a §1983 claim requires that the plaintiff allege facts that show deprivation of a right, privilege or immunity secured by the U.S. Constitution or federal law. *Parratt* at 535. Examples of such allegations are legion and include, as appears to be alleged in the TransRail complaint, deprivation of property without due process of law in violation of the fourteenth amendment (*Lugar v. Edmondson Oil. Co., Inc.*, 457 U.S. 922 (1982)) and violation of equal protection rights under the fourteenth amendment (*Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970). Mere conclusory allegations of deprivation of civil rights are insufficient to withstand a motion to dismiss. *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148 (5th Cir. 1992). Rather, the complaint must state specific facts that give rise to the alleged unconstitutional conduct. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

Plaintiffs' Amended Complaint again fails to provide the specific facts that show deprivation of a right, privilege or immunity secured by the U.S. Constitution or federal law. Generalized allegation relating to communications among the Defendants without providing what the communications constituted of or how Plaintiffs were harmed is not sufficient to meet the standard for a §1983 claim.

### C. Elements for Conspiracy Claims Brought Pursuant to Section 1983

Generally speaking, a civil conspiracy is an agreement between two or more persons to injure another via unlawful action. *Hooks v. Hooks*, 771 F.2d 935, 943-944 (6th Cir. 1985). A civil conspiracy can be found to exist even where there is no express agreement among all the conspirators. *Id.* at 944. Further, it is not necessary that each conspirator knew all of the details of the plan or all of the participants involved. *Id.*

In order to satisfy the elements of a claim for conspiracy under 42 U.S.C. §1983, a plaintiff must show "1) 'that there was a single plan'; 2) 'that the alleged coconspirator shared in the general conspiratorial objective'; and 3) that 'an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.'" *BPNC, Inc. v. Estep*, 2004 WL 1304938, (N.D. Ohio 2004) (quoting *Hooks*, 771 F.2d at 944). A private person or entity may be held liable as a coconspirator under §1983 if it is shown that such person or entity was jointly engaged with state officials in depriving the complainant of its civil rights. *Cooper v. Parrish*, 203 F.3d 937, 952 n.2 (6th Cir. 2000); *Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir. 1989). Importantly, application of the three tests discussed above to the conduct of a private person is not relevant in cases in which there are allegations of cooperation or concerted action between state and private actors. *Cooper v. Parrish*, 203 F.3d 937, 952 n.2 (6th Cir. 2000).

Claims for conspiracy under §1983 **"must be pled with some degree of specificity."** *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Vague and conclusory allegations unsupported by material facts are insufficient to state a claim for conspiracy under section 1983. *Hooks*, 771 F.2d at 854. Moreover, "'[i]t is well settled that a complaint containing only conclusory allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.'" *Sterling v. Trotter*, 2002 WL 484983, at *5 (S.D. Ohio 2002) (quoting *Leon v. Murphy*, 988 F.2d 303, 311 (2nd Cir. 1993). Thus, the failure by Plaintiffs to allege specific, overt acts by co-conspirators in furtherance of the alleged conspiracy or to allege any acts indicating the existence of a conspiracy requires this Court to dismiss all claims against Bennett & Williams.

### D. Failure to Join Trumbull County Health Department.

Plaintiffs' Amended Complaint asserts factual claims for conspiracy under 42 U.S.C. §1983 against Bennett & Williams in conjunction with other named Defendants and the Trumbull County Health Department. Plaintiffs' complaint is materially defective by failing to name as a party Defendant in support of their claims the Trumbull County Health Department.

Federal Rule of Civil Procedure 19(a) holds that a person must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The premise of Plaintiffs' allegations are based upon Plaintiffs' efforts to obtain a construction and demolition debris license from the Trumbull County Health Department and the necessary zoning approval from the Township. Plaintiffs' claims can not proceed without the joinder of the Trumbull County Health Department which holds the statutory and regulatory authority for reviewing and granting or denying an application for the construction and demolition debris license sought by Plaintiffs. (Ohio Revised Code §3714.05) Bennett & Williams and the other Defendants would be materially prejudiced if this case proceeds without the joinder of Trumbull County Health Department.

In light of the Court's Order to correct the material defects with Plaintiffs complaint and Plaintiffs' failure to name as a party the governmental entity which holds the statutory authority over the issuance of the construction and demolition debris license, Plaintiffs' Amended Complaint is materially defective and should be dismissed with prejudice.

## II. CONCLUSION

Plaintiffs' Amended Complaint is devoid of any of the requisite requirements for asserting claims against Defendant Bennett & Williams pursuant to 42 U.S.C. §1983 and should be dismissed with prejudice.

> Respectfully submitted,
>
> /s/ Charles R. Dyas, Jr.
> Larry J. McClatchey   (0012191)
> Charles R. Dyas, Jr.   (0034369)
> KEGLER, BROWN, HILL & RITTER CO., LPA
> 65 East State Street, Suite 1800
> Columbus, Ohio 43215
> Tel: 614/462-5400/ Fax: 614/464-2634
> lmcclatchey@keglerbrown.com
> cdyas@keglerbrown.com
> Attorneys for Bennett & Williams
> Environmental Consultants, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 19th day of March, 2009, a true copy of the foregoing was delivered to parties on the CM/ECF system or deposited for delivery via regular United States Mail, postage prepaid to the following person(s):

ELECTRONIC SERVICE:

Michael A. Partlow
partlowlaw@aol.com
Attorney for Plaintiff

James F. Mathews
mathews@bakerfirm.com
Attorney for Hubbard Township; Hubbard Township Board of Trustees; Frederick Hanley; Jonathan Dowell; Joseph Gleydura; Hubbard Township Planning and Zoning Commission; John Pieton; Susan Siciliano; Hubbard Township Board of Zoning Appeals; Jeffrey Rowlands; Dennie Parsons; Heather O'Hara; Maria Capezzuto; Benjamin M. Hayek, M.D.

Frank H. Scialdone
fscialdone@mrrlaw.com
John T. McLandrich
jmclandrich@mrrlaw.com
Attorney for Trumbull County Planning Commission

Robert J. Karl
bkarl@ulmer.com
Attorney for Hubbard Environment & Land Preservation

Pearl M. Chin
pchin@ag.state.oh.us
Attorney for Former Attorney General of Ohio and Former Member Ohio State Senate

Margaret A. Malone
mmalone@ag.state.oh.us
Attorney for Ohio Environmental Protection

Tim Ryan
US Congressman for Ohio's 17th District
United States House of Representatives
241 Federal Plaza West
Youngstown, OH  44503

               /s/ Charles R. Dyas, Jr.
               Charles R. Dyas