# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Trans Rail America, Inc.., et al., | ) | CASE NO.:  4:08CV2790 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Hubbard Township, et al., | ) | (Resolving Docs. 50, 51, 53, 54, 57) |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on five pending motions filed by the numerous defendants in this matter.  Docs. 50, 51, 53, 54, and 57.  Having reviewed the pleadings, briefs, and applicable the law, the Court hereby GRANTS each of the pending motions.  The amended complaint is hereby DISMISSED.

**I.  Facts**

On November 26, 2008, Plaintiffs Trans Rail America, Inc. and Sienna Place, Inc. (collectively, "Trans Rail") filed their complaint against Defendants Hubbard Township, Hubbard Township Board of Trustees, Frederick Hanley, Jonathan Dowell, Joseph Gleydura, Hubbard Township Planning and Zoning Commission, John Pieton, Susan Siciliano, Hubbard Township Board of Zoning Appeals, Jeffrey Rowlands, Dennie Parsons, Heather O'Hara, Maria Capezzuto, Benjamin Hayek, Trumbull County Planning Commission, Hubbard Environment & Land Preservation (H.E.L.P.), Dave Wittenauer, Rick Hernandez, Joni Dobran, U.S. Congressman Tim Ryan, Marc Dann, Susan Watkins, Megan Carr, Bennett and Williams, and Capri Cafaro.  The complaint contained only one

count, alleging a civil conspiracy between all of the above-named defendants.  This Court set the matter for a case management conference and held that conference on February 23, 2009.  During the conference, the Court expressed its concern regarding the vague nature of the complaint.  Accordingly, on February 24, 2009, the Court ordered that Trans Rail file an amended complaint, alleging its claim with the proper degree of specificity.

On March 10, 2009, Trans Rail filed its amending complaint, maintaining its sole count of civil conspiracy.  On March 19, 2009, H.E.L.P., Wittenauer, Hernandez, and Dobran (collectively, "H.E.L.P.") moved to dismiss the amended complaint.  On that same day, Dann and Cafaro jointly moved to dismiss the amended complaint.  Bennett and Williams also moved to dismiss the complaint on March 19, 2009.  Hubbard Township, Hubbard Township Board of Trustees, Hanley, Dowell, Gleydura, Pieton, Siciliano, Hubbard Township Board of Zoning Appeals, Rowlands, Parsons, O'Hara, Capezzuto, and Hayek (collectively, "the Hubbard Township defendants") moved for judgment on the pleadings.  Watkins and Carr moved to dismiss as well.  The Court granted that unopposed motion on December 31, 2009.  Finally, Trumbull County Planning Commission moved to dismiss.  Trans Rail filed a collective response in opposition to all of the pending motions on April 20, 2009.  Each of the defendants responded in opposition with the last reply filed on May 7, 2009.  The matter now appears before the Court.

**II. Legal Standard**

The Sixth Circuit stated in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl.*

> *Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.

Moreover, if an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted). This same standard applies to a motion for judgment on the pleadings. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008).

The sole count in the amended complaint is a claim of civil conspiracy. In this Circuit, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will

3

not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).  To the extent that Trans Rail contends that this standard has been criticized or altered in some manner, the Court rejects any such argument.  No court in this Circuit has varied from the above-stated law.  Moreover, the Sixth Circuit has repeatedly restated this standard for pleading civil conspiracy.  *See Moldowan v. Warren*, 578 F.3d 351, 395 (6th Cir. 2009).

**III. Analysis**

On February 24, 2009, this Court ordered Trans Rail to amend its complaint.  In that order, the Court required that the "amended complaint … set out the facts that support each claim with a description of the 'who, what, when, where and how' of the events at issue[.]"  Doc. 46 at 1.  The amended complaint falls woefully short of fulfilling the Court's requirements.

"The tort of civil conspiracy is a malicious combination of two or more persons to injure another in property, in a way not competent for one alone, resulting in actual damages. Thus, in order to establish a claim of civil conspiracy, the following elements must be proven: (1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy." *Peltz v. Moretti*, 292 Fed. Appx. 475, 480-81 (citations and quotations omitted).  In ordering Trans Rail to amend its complaint, the Court was hopeful that the elements of this claim would be pled with some degree of specificity as required by law.  They were not.

Trans Rail's original complaint named 25 defendants.  The amended complaint removed Watkins and Carr, leaving 23 defendants.  Despite the number of defendants

4

and the conclusory allegations of a broad conspiracy, the complaint contains no facts from which even an inference could be drawn that would support a claim for civil conspiracy.

To be clear, Trans Rail alleges numerous underlying facts. Trans Rail alleges as follows:

- The Hubbard Township defendants arbitrarily changed the zoning map, unlawfully failed to issue zoning permits, maliciously caused criminal charges to be filed against Trans Rail, and unlawfully communicated in an ex parte manner with the Trumbull County Health Commissioner.

- The Planning Commission arbitrarily revised its planning map.

- H.E.L.P. and its employees communicated with the Trumbull County Health Commissioner in an ex parte manner.

- Ryan sent a letter in an ex parte manner to the Environmental Review Appeals Commission.

- Cafaro, in an ex parte manner, persuaded the Ohio Environmental Protection Agency to ignore Trans Rail's request for licensure.

- Dann and H.E.L.P. spoke publicly on the radio against Trans Rail's business, including describing the business as mob-related.

Doc. 47 at 6-7. The amended complaint also contains several paragraphs that allege that "the Defendants, and each of them, acting in concert with one another, individually and as agents of the various governmental agencies and bodies listed, knowingly, intentionally, maliciously, and willfully conspired together[.]" *Id.* at 5.

5

The fault in the amended complaint is widespread.  First, there are no factual allegations that would support the conclusory statements that each of the defendants conspired with one another.  For example, the factual allegations against Cafaro consist of one paragraph, accusing her of communicating on an ex parte basis with the Ohio EPA.  There is no allegation that this communication was done at the behest of any of the other defendants, nor even an allegation that any of the other defendants were aware of this alleged communication.  Similarly, the allegations against Dann include that he and H.E.L.P. spoke about Trans Rail on the radio.  While including H.E.L.P. in this paragraph of the amended complaint, there are no factual allegations about any type of agreement between Dann and H.E.L.P.  There is not even an allegation that Dann had ever spoken to any employee of H.E.L.P., let alone conspired with them to deprive Trans Rail of its constitutionally-protected rights.  While H.E.L.P.'s motion to dismiss appears to admit that it coordinated efforts with Dann, there is no factual allegation in the complaint that would support any type of malicious combination between the two.  This exact analysis holds true for the allegations against Ryan as well.  While alleging that Ryan sent a letter to the Environmental Review Appeals Commission, there is nothing to suggest that Ryan was acting in concert with anyone.

The remaining allegations all suffer from this flaw as well.  While alleging that numerous individual defendants have committed wrongs, Trans Rail has not alleged a single fact that would support a conclusion that the defendants had combined to wrong Trans Rail.  Instead, Trans Rail takes the position that it may simply make conclusory allegations that a conspiracy existed, conduct discovery, and then see whether or not a viable conspiracy claim exists.  The Court rejects this notion.

The complete lack of any factual allegations supporting a conspiracy is not the only deficiency in the amended complaint. As Tran Rail's civil conspiracy claim is premised on 42 U.S.C. § 1983, it must demonstrate that the alleged acts deprived it of rights secured by federal law. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (stating the elements of § 1983 claim). The manner in which the complaint was pled leaves each defendant and the Court guessing regarding the underlying federal law violation. In a conclusory paragraph, Trans Rails states that its rights were violated under "Article I, Section 10 of the Constitution of the United States and the First, Fourth, Fifth, and Fourteenth Amendments[.]" Doc. 47 at 9.

Initially, the Court notes that Article I, Section 10 of the Constitution has no apparent application to these proceedings. While never stated in the amended complaint, the only conceivably applicable provision under Section 10 would be the Ex Post Facto Clause. Trans Rail, however, has never even attempted to tie any of its factual allegations to a violation of that Clause. Therefore, it could not support any argument in support of this matter being properly plead. While alleging that four other constitutional rights were also violated, Trans Rail makes no effort to tie facts to any of these provisions. As a result, a significant amount of time and expense has been incurred by each of the defendants in arguing all of the possible alternative theories contained in the complaint. In its consolidated response, Trans Rail again fails to draw any line between its allegations and a specific constitutional violation. For that matter, the response is crafted in a manner similar to the complaint. It draws wide-sweeping conclusions with little or no legal or factual support. Despite being confronted with nearly a dozen legal theories supporting dismissal of the defendants, Trans Rail's collective response totals

7

only fifteen pages, ignoring entirely several of the arguments raised by the numerous defendants.

The Court made clear to Trans Rail during the case management conference that its complaint was deficient.  The amended complaint has done nothing to remedy the deficiencies identified by the Court.  Instead, Trans Rail has maintained its "throw-everything-at-the-wall-and-see-what-sticks" approach.  Trans Rail appears to take the view that because multiple individuals and entities opposed its business plan, those individuals must have been unlawfully conspiring with one another.  The complaint, however, wholly fails to allege any facts that would support that conclusion.  Instead, the complaint simply alleges numerous separate and distinct acts.  Then, in conclusory fashion, the complaint alleges those acts were done in concert with one another and resulted in the violation of Trans Rail's constitutional rights.  What specific acts resulted in a violation of a constitutional right is left to the imagination.  What specific constitutional right was violated by which defendant is likewise left to the imagination.  This latter fact is particularly troublesome when Trans Rail has made no effort to connect the 23 separate defendants.

In finding that dismissal is appropriate, the Court has refrained from commenting on each of the arguments presented by the individual defendants.  This is true for several reasons. First, the Court finds that the complaint is so woefully deficient that further support for dismissal is unnecessary.  Second, several of the legal arguments raises were submitted solely because the defendants were required to guess what legal theory was being presented in the complaint.  Having found that no valid claim is contained in the

8

complaint, the Court will not review those arguments.  That is not to say, however, that other grounds do not exist that warrant dismissal.

## IV. Conclusion

The pending motions to dismiss and motion for judgment on the pleadings are GRANTED.  The Amended Complaint is DISMISSED.

H.E.L.P.'s motion to dismiss also contained a request for sanctions.  The motion will be taken under advisement by the Court.  H.E.L.P. shall file any supplement to its request, including any documentation in support of an amount of sanctions, within fourteen days of this order.  Any other defendant seeking sanctions shall make such a request with fourteen days of this order.  Trans Rail shall respond to any subsequent request for sanctions with fourteen days of its filing.

IT IS SO ORDERED


January 13, 2010                          _____/s/ Judge John R. Adams_____
Date                                       JUDGE JOHN R. ADAMS
                                           UNITED STATES DISTRICT COURT