NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0479n.06

No. 10-3236

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**May 08, 2012**
LEONARD GREEN, Clerk

| | |
|---|---|
| TRANS RAIL AMERICA, INC.; SIENNA PLACE, INC., | |
| Plaintiffs-Appellants, | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | |
| HUBBARD TOWNSHIP; HUBBARD TOWNSHIP BOARD OF TRUSTEES; FREDERICK HANLEY; JONATHAN DOWELL; JOSEPH GLEYDURA; HUBBARD TOWNSHIP PLANNING AND ZONING COMMISSION; JOHN PIETON; SUSAN SICILIANO; HUBBARD TOWNSHIP BOARD OF ZONING APPEALS; JEFFREY ROWLANDS; DENNIE PARSONS; HEATHER O'HARA; MARIA CAPEZZUTO; BENJAMIN M. HAYEK, M.D.; TRUMBULL COUNTY PLANNING COMMISSION; MARC E. DANN; SUSAN WATKINS; MEGAN CARR; BENNETT AND WILLIAMS, ENVIRONMENTAL CONSULTANTS, INC.; CAPRI S. CAFARO, | OPINION |
| Defendants-Appellees, | |
| and | |
| TIM RYAN, U.S. Congressman for Ohio's 17th District, United States House of Representatives, | |
| Defendant. | |

_____/

No. 10-3236
*Trans Rail America, et al v. Hubbard Township, et al*

**Before: McKEAGUE and WHITE, Circuit Judges; BARRETT, District Judge.**[*]

**PER CURIAM.** Plaintiffs-Appellants, Trans Rail America, Inc. and Sienna Place, Inc., appeal the district court's dismissal of their Amended Complaint, which alleges one claim of a 42 U.S.C. § 1983 civil conspiracy against multiple defendants. Because the district court did not err in ruling that the Amended Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, we **AFFIRM**.

## BACKGROUND

On November 26, 2008, Plaintiffs-Appellants, Trans Rail America, Inc. and Sienna Place, Inc., (collectively "Trans Rail") filed a Complaint against twenty-five Defendants that included various local governmental agencies, state legislators, and public officials. Trans Rail sought over $16 million in compensatory damages and $51 million in punitive damages for an alleged 42 U.S.C. § 1983 civil conspiracy that included violations of the First, Fourth, Fifth, and Fourteenth Amendments and Article I, Section 10 of the Constitution of the United States. (R. 1, Complaint, at ¶¶ 41–43.) Trans Rail's claim arose out of an application for a landfill operating license and a request for a zoning variance. (Appellees Cafaro & Dann Br. 3.) The claim alleges that Defendants conspired together and pursued policies specifically designed to hamper Trans Rail's ability to operate their businesses. (R. 47 at ¶ 27.)

On February 23, 2009, the district court conducted a case-management conference during which it expressed concern about the vague nature of Trans Rail's Complaint. In an Order issued

---

[*]The Honorable Michael R. Barrett, United States District Judge for the Southern District of Ohio, sitting by designation.

No. 10-3236
*Trans Rail America, et al v. Hubbard Township, et al*

the next day, the district court labeled Trans Rail's pleading a "shotgun complaint" and ordered the Plaintiffs to amend. (R. 46, Order, at 1.)

Plaintiffs filed their Amended Complaint shortly thereafter. (R. 47, Amended Complaint.) Several Defendants responded with motions to dismiss, which the district court granted. (R. 70, Order & Decision.) The district court held, "there are no factual allegations that would support the conclusory statements that each of the defendants conspired with one another," and, "[t]he manner in which the complaint was pled leaves each defendant and the Court guessing regarding the underlying federal law violation." (R. 70, Order & Decision, at 6, 7.) Appellants maintain that this ruling was in error.

## ANALYSIS

"On appeal, we review de novo a dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Severe Records, LLC v. Rich*, 658 F.3d 571, 578 (6th Cir. 2011). To survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "We must review the complaint in the light most favorable to Plaintiffs, accept their factual allegations as true, and determine whether Plaintiffs undoubtedly can prove no set of facts in support of their claims that would entitle them to relief." *Severe Records*, 658 F.3d at 578 (internal quotations and alterations omitted). Legal conclusions or unwarranted factual inferences need not be accepted as true. *Id.*

"A civil conspiracy under § 1983 is 'an agreement between two or more persons to injure another by unlawful action.'" *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting

No. 10-3236
*Trans Rail America, et al v. Hubbard Township, et al*

*Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Spadafore v. Gardner*, 330 F.3d 849, 854 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). To prevail on a civil conspiracy claim, a plaintiff must show that (1) a "single plan existed," (2) the defendants "shared in the general conspiratorial objective" to deprive plaintiff of his constitutional or federal statutory rights, and (3) "an overt act was committed in furtherance of the conspiracy that caused injury" to the plaintiff. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985); *Bazzi*, 658 F.3d at 602.

Appellants argue that they have stated a claim for civil conspiracy with allegations of "some specificity" that are "plausible." (Appellants' Br. 12, 24, 27, 30.) Based on a review of the Amended Complaint, we disagree. The Amended Complaint's first insurmountable flaw is that it fails to plead facts showing the existence of "a single plan." *See Hooks*, 771 F.2d at 944. This goes to the district court's conclusion that "there are no factual allegations that would support the conclusory statements that each of the defendants conspired with one another." (R. 70 at 6.) Because conclusory allegations of a conspiracy are insufficient, *Twombly*, 550 U.S. at 555, the district court was correct to dismiss Trans Rail's claim on this basis.

The Amended Complaint's second fatal flaw is that it does not tie any factual allegations to the alleged constitutional violations and it does not identify how Defendants' actions resulted in the deprivation of constitutional rights. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a right secured by the Constitution or a federal statute has been violated, and (2) the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988);

No. 10-3236
*Trans Rail America, et al v. Hubbard Township, et al*

*Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010). Furthermore, "[t]o establish a 'conspiracy' under a Section 1983 claim, a plaintiff must first demonstrate a constitutional deprivation." *Bauss v. Plymouth Twp.*, 233 F. App'x 490, 496 (6th Cir. 2007) (citing *Hooks*, 771 F.2d at 943-44). Trans Rail's Amended Complaint presents nothing more than legal conclusions in this respect, but "legal conclusions need not be accepted as true," and, "the complaint must set forth 'some factual basis' for the claims asserted." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 684 (6th Cir. 2011); *see also Twombly*, 550 U.S. at 555. Trans Rail fails on both these points. Accordingly, the district court was correct to dismiss Trans Rail's claim on this basis.

## **CONCLUSION**

The judgment of the district court is **AFFIRMED**.