UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Trans Rail America, Inc. et al., | ) CASE NO. 4:08-cv-02790 |
| Plaintiffs, | ) |
| v. | ) JUDGE JOHN R. ADAMS |
| Hubbard Township, et al., | ) |
| | ) ORDER |
| Defendants. | ) |

This matter comes before the Court on Defendant Trumbull County Planning Commission's and the Hubbard Township defendants' motions for sanctions pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, 42 U.S.C. § 1988, and this Court's inherent authority. Docs. 73 and 74. After reviewing all of the briefs, responses, replies and supplements in this matter, the Court finds Defendants' motions well-taken and GRANTS the motions for sanctions.

I.  Facts

On November 26, 2008, Plaintiffs Trans Rail America, Inc. and Sienna Place, Inc. (collectively, "Trans Rail") filed their complaint against Defendants Hubbard Township, Hubbard Township Board of Trustees, Frederick Hanley, Jonathan Dowell, Joseph Gleydura, Hubbard Township Planning and Zoning Commission, John Pieton, Susan Siciliano, Hubbard Township Board of Zoning Appeals, Jeffrey Rowlands, Dennie Parsons, Heather O'Hara, Maria Capezzuto, Benjamin Hayek, Trumbull County Planning Commission, Hubbard Environment & Land Preservation (H.E.L.P.), Dave Wittenauer, Rick Hernandez, Joni Dobran, U.S. Congressman Tim Ryan, Marc Dann, Susan Watkins, Megan Carr, Bennett and Williams, and Capri Cafaro. The complaint contained only one

count, alleging a civil conspiracy between all of the above-named defendants. This Court set the matter for a case management conference and held that conference on February 23, 2009. During the conference, the Court expressed its concern regarding the vague nature of the complaint. Accordingly, on February 24, 2009, the Court ordered that Trans Rail file an amended complaint, alleging its claim with the proper degree of specificity.

On March 10, 2009, Trans Rail filed its amending complaint, maintaining its sole count of civil conspiracy. On March 19, 2009, H.E.L.P., Wittenauer, Hernandez, and Dobran (collectively, "H.E.L.P.") moved to dismiss the amended complaint. On that same day, Dann and Cafaro jointly moved to dismiss the amended complaint. Bennett and Williams also moved to dismiss the complaint on March 19, 2009. Hubbard Township, Hubbard Township Board of Trustees, Hanley, Dowell, Gleydura, Pieton, Siciliano, Hubbard Township Board of Zoning Appeals, Rowlands, Parsons, O'Hara, Capezzuto, and Hayek (collectively, "the Hubbard Township defendants") moved for judgment on the pleadings. Watkins and Carr moved to dismiss as well. The Court granted that unopposed motion on December 31, 2009. Finally, Trumbull County Planning Commission moved to dismiss. Trans Rail filed a collective response in opposition to all of the pending motions on April 20, 2009. Each of the defendants responded in opposition with the last reply filed on May 7, 2009.

On January 13, 2010, the Court granted defendants' motions to dismiss and for judgment on the pleadings (Doc. 71), thereby dismissing the amended case. The Court took H.E.L.P.'s motion (Doc. 50) for sanctions under advisement and ordered H.E.L.P. to supplement its motion and that any additional motions for sanctions were to be filed within 14 days. On January 26, 2010, Defendant Bennett and Williams moved for

2

sanctions. The following day, Defendant Trumbull County Planning Commission moved for sanctions pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, 42 U.S.C. § 1988, and this Court's inherent authority (Doc. 73), and the Hubbard Township defendants moved for sanctions pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 (Doc. 74).

Trans Rail appealed this Court's January 13, 2010 ruling and opposed the motions filed by Defendant Trumbull County Planning Commission and the Hubbard Township defendants. The Court reserved judgment on the motions for sanctions pending the appeal. Following the Sixth Circuit Court of Appeals affirmation on May 8, 2012 of this Court's judgment, the Court instructed the Defendants to file positions statements and later supplements to the pending sanctions motions. The motions were each supplemented and Trans Rail responded to the supplements. Trans Rail then settled with Defendant Bennett and Williams, who withdrew its motion. Accordingly, only two motions for sanctions remain pending, Doc. 73 and 74.

II. Law

a. 28 U.S.C. §1927

Twenty-eight U.S.C. §1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." When issuing sanctions pursuant to section 1927, "a court should consider whether 'an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.' " *Hall v. Liberty Life Assurance Co. of Boston*, 595

F.3d 270, 275–76 (6th Cir. 2010) (*quoting Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009)). Accordingly, sanctions are appropriate where there is "a showing of something less than subjective bad faith, but something more than negligence or incompetence. Thus, an attorney's behavior is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Followell v. Mills*, 317 F. App'x 501, 511 (6th Cir. 2009).

      b. Rule 11 Sanctions

Rule 11(b) of the Federal Rules of Civil Procedure states that by filing a "pleading, written motion, or other paper" with the court, an attorney is certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... [,] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." "[I]n this circuit, the test for the imposition of Rule 11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances." *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990). The district court must " 'avoid using the wisdom of hindsight and should test the signor's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted.' " *INVST Financial Group, Inc. v. Chemical Nuclear Systems*, 815 F.2d 391, 401 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987) (quoting Fed. R. Civ. P. 11 Advisory Committee's Note to the 1983 Amendment).

4

c. 42 U.S.C. § 1988(b)

The Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988(b), "permits a court in its discretion to award the 'prevailing party' in a § 1983 action 'reasonable' attorney's fees as part of the costs." *Pouillon v. Little*, 326 F.3d 713, 716 (6th Cir. 2003). When the "prevailing party" is the defendant, an award of fees against the losing plaintiff should only be granted when an action is "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (citing 42 U.S.C. § 1988(b)) (citations and internal quotation marks omitted). Such an award against a plaintiff " 'is an extreme sanction, and must be limited to truly egregious cases of misconduct.' " *Id.* (*quoting Jones v. The Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)).

d. Inherent Authority

Finally, a court has inherent authority to sanction bad-faith conduct in litigation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766–67 (1980). The Supreme Court has held, however, that courts should refrain from sanctioning under their inherent authority when a statutory provision or relevant portion of the federal rules applies. *Chambers*, 501 at 33.

III.   Analysis

This case was initially filed on November 26, 2008, naming 25 defendants and alleging a civil conspiracy under section 1983. After advising Trans Rail of the pleading inadequacies of the Complaint, the Court allowed Trans Rail to amend the complaint. The Court warned Trans Rail that failure to properly amend the complaint could result in

sanctions. Despite filing an Amended Complaint on March 10, 2009, the Amended Complaint[1] failed to cure the inadequacies noted by the Court.

On March 12, 2009, the Hubbard Township defendants sent Trans Rail's counsel a letter pursuant to Rule 11. The letter set forth what the defendants believed to be continuing insufficiencies in Trans Rail's Amended Complaint and requested Trans Rail to dismiss the complaint. Likewise, on March 17, 2009, also in compliance with Rule 11, Defendant Trumbull County Planning Commission sent a letter to Trans Rail's counsel alerting Trans Rail to the continued failure to adequately state a claim against it. The letter also informed Trans Rail that should they not withdraw the complaint, it would move for dismissal.

When granting Defendants' motions to dismiss, the Court stated that "[d]espite the number of defendants and the conclusory allegations of a broad conspiracy, the complaint contains no facts from which even an inference could be drawn that would support a claim for civil conspiracy." Doc. 70. This Court found the complaint so inadequate, that it was unnecessary to even address many of the defendants' arguments for dismissal:

> [t]he complaint, however, wholly fails to allege any facts that would support that conclusion. Instead, the complaint simply alleges numerous separate and distinct acts. Then, in conclusory fashion, the complaint alleges those acts were done in concert with one another and resulted in the violation of Trans Rail's constitutional rights. What specific acts resulted in a violation of a constitutional right is left to the imagination. What specific constitutional right was violated by which defendant is likewise left to the imagination.

---

[1] Trans Rail's original complaint named 25 defendants. The Amended Complaint removed Watkins and Carr, leaving 23 defendants.

Upon reviewing the pending motions for sanctions, along with the responses, supplements and replies, the Court finds that Trans Rail has failed to set forth any legitimate or viable basis for filing such an inadequate and vague complaint against the defendants.  The Court made Trans Rail fully aware of the deficient complaint both during the case management conference and by court order.  The Court gave Trans Rail an opportunity to remedy the deficiencies by allowing them to file an amended complaint.  Thereafter, and in accordance with Rule 11, Defendants served Trans Rail's counsel with letters outlining the deficiencies in the Amended Complaint.  Trans Rail was given numerous opportunities to remedy the issue and avoid sanctions.  Instead, Trans Rail continued on with the ligation, costing Defendants time and money.

The Court recognizes that a defendant's success on a motion to dismiss will not always lead to an award of sanctions against a plaintiff. In this situation, however, the Court feels that such a sanction is warranted under Rule 11. The deficiencies that this Court highlighted clearly invoke Fed. R. Civ. Pro. 11(b)(2) and b(c), and Trans Rail did not remedy the deficiencies when given an opportunity.  Instead, it appears to the Court that Trans Rail filed and maintained this suit solely as an effort to harass Defendants and force Defendants to expend funds in defense of the case.   It is clear that the Complaint and Amended Complaint lacked factual allegations having any legal relevance to Trans Rail's claim against Defendants and that Trans Rail's counsel either failed to look into the basis for the claims, or merely ignored what it discovered. Either way, Trans Rail's counsel violated Rule 11(b). The Court, accordingly, finds that Trans Rail's complaint and Amended Complaint were frivolous.

Moreover this Court finds that Trans Rail's counsel's failure or inability to remedy the inadequacies of the complaint were unreasonable. At no time did Trans Rail ever allege any facts in support of its claim for civil conspiracy. Instead, Trans Rail maintained a "throw-everything-at-the-wall-and-see-what-sticks" approach and the Defendants were forced to attempt to decipher Trans Rail's vague allegations in order to defend the complaint, resulting in unnecessary expense. The Court previously detailed Trans Rail's pleading failures and will not reiterate them again here. In summary, the Court found the complaint so woefully deficient that dismissal was the only sufficient remedy.

Nothing in Trans Rail's responses to the motions to dismiss has changed the Court's opinion that Trans Rail's complaint was frivolous and that Trans Rail's counsel acted unreasonably when it refused to dismiss the complaint or fix the deficiencies. Accordingly, the Court finds that sanctions against Trans Rail's counsel pursuant Rule 11 are proper.[2]

IV. Sanctions

Defendant Trumbull County Planning Commission requests the Court to sanction Trans Rail in the amount of $17,849.65. This amount represents the legal fees and expenses incurred before the Sixth Circuit Court of Appeals ($8,235.05) and at the trial level ($9,615.60). The Court has reviewed the pleadings and oppositions, and agrees with Defendant that the time expended to defend this case at the trial level is reasonable.

---

[2] Because the Court finds that sanctions are proper under Rule 11, it will not formally discuss sanctioning Trans Rail under 28 U.S.C. § 1927, 42 U.S.C. § 1988, or this Court's inherent authority. However, the Court also concludes that sanctions against Trans Rail would be appropriate under each of these theories.

The Hubbard Township defendants request a sanction of $12,887.50, inclusive of fees and expenses before the Sixth Circuit ($1,768.00) and before this Court ($11,119.50). After review the parties' briefing and exhibits, the Court finds that the time expended to defend this case at the trial level is reasonable.

Furthermore, an award of the attorneys' fees and costs incurred in defending this matter at the trial level is reasonable and necessary to deter similar conduct by Trans Rail's counsel in the future. Defendant Trumbull County Planning Commission is hereby awarded $9,615.60 in fees and expenses incurred in connection with the defense of the complaint in this action. Additionally, the Hubbard Township defendants are awarded $11,119.50 for fees and costs in defending this matter. Plaintiffs' counsel shall make payment of the award to the respective counsel within fourteen (14) days of this Order.

V.   Conclusion

The Court finds that Trans Rail's Complaint and Amended Complaint were frivolous and that Trans Rail's counsel acted unreasonably by filing and litigating the claim against Defendants. Accordingly, Defendants' motions for sanctions (Docs. 73 and 74) are GRANTED and Defendants are awarded the attorneys fees and costs incurred in defending this matter at the trial level. Trans Rail's counsel is hereby sanctioned in the amount of $20,735.10 ($9,615.60 to Defendant Trumbull County Planning Commission and $11,119.50 to the Hubbard Township defendants).

IT IS SO ORDERED.

  _September 27, 2012_            ___/s/Judge John R. Adams_____
  Date                            JUDGE JOHN R. ADAMS
                                  UNITED STATES DISTRICT COURT

9